U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
SEP 19 2017
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NAILOR L. HARRISON,
ARIN JEAN HARRISON                                              PLAINTIFFS

VS.                    Civil Case No. 17-2164

US AUTOLOGISTCS, L.L.C.,
USAL LEASING, L.L.C.,
USAL HOLDINGS, L.L.C.,
and TREVINO G. EUSTAQUIO
                                                                DEFENDANTS

## COMPLAINT

COME NOW the Plaintiffs, Nailor Harrison and Arin Harrison, by and through their attorneys, Duncan Firm, P.A., and for their Complaint, states as follows:

### I. INTRODUCTION

1.      Plaintiffs bring this negligence lawsuit against Defendants under Arkansas law, involving a collision between their vehicle and a semi-truck car-hauler tandem ("semi-truck car-hauler") on Interstate-40 ("I-40"), near section 210, log mile 53.032, in Johnson County, Arkansas, on December 6, 2016.  The collision, which was solely due to the negligent acts and omissions of the Defendants, as explained herein, caused severe and permanent personal injuries to the Plaintiffs, a brother and sister, who required emergency care and transportation by air evacuation for immediate medical treatment.

### II. PARTIES

2.      Plaintiff Nailor Harrison lives in Carthage, Jasper County, Missouri.  He was driving through Arkansas on I-40, in Johnson County, at the time of the violent semi-truck car-hauler collision.

3. Plaintiff Arin Harrison lives in Carthage, Jasper County, Missouri. She was a passenger in the vehicle driven by her brother through Arkansas on I-40, in Johnson County, Arkansas, at the time of the violent semi-truck car-hauler collision.

4. Defendant US Autologistics, L.L.C. ("US Autologistics"), is a foreign corporation organized under the laws of the State of Texas. This Defendant sends its trucks and employees to and through the State of Arkansas, utilizing the Arkansas public roadways and the interstate system. US Autologistics' corporate headquarters are located at 21021 Essman, Lane, Houston, Harris County, Texas. Its mailing address is 1375 Enclave Parkway, Houston, Harris County, Texas 77077. The registered agent for US Autologistics is Kimberley Jacobson, located at 1375 Enclave Parkway, Houston, Harris County, Texas 77077.

5. Defendant USAL Leasing L.L.C. ("USAL Leasing"), is a foreign corporation organized under the laws of the State of Texas. This Defendant sends its trucks and employees to and through the State of Arkansas, utilizing the Arkansas public roadways and the interstate system. USAL Leasing's corporate headquarters are located at 1375 Enclave Parkway, Houston, Harris County, Texas. Its mailing address is 1375 Enclave Parkway, Houston, Harris County, Texas 77077. The registered agent for USAL Leasing L.L.C. is Kimberley Jacobson, located at 1375 Enclave Parkway, Houston, Harris County, Texas 77077.

6. Defendant USAL Holdings, L.L.C. ("USAL Holdings"), is a foreign corporation organized under the laws of the State of Texas. This Defendant sends its trucks and employees to and through the State of Arkansas, utilizing the Arkansas public roadways and the interstate system. USAL Holdings' corporate headquarters are located at 1375 Enclave Parkway, Houston, Harris County, Texas. Its mailing address is 1375 Enclave Parkway, Houston, Harris County, Texas 77077. The registered agent for USAL Holdings is Kimberley Jacobson, located at 1375

Enclave Parkway, Houston, Harris County, Texas 77077. USAL Holdings is the parent corporation for US Autologistics, and USAL Leasing. These three Defendants are affiliates, partners, joint-venturers and in joint-enterprise, and are hereafter referred to as the USAL Defendants.

7. At all times complained herein, the Defendants were the owner of and/or controlled the 2015 Volvo D-15 semi-tractor Vehicle Identification Number ("VIN") 4V5RC9EJ4FN185850, and its car-hauler trailer, registered in the State of Texas, traveling through the state of Arkansas, operated by its agent/servant/employee, Trevino G. Eustaquio, in the course and scope of his employment and under the direction and control of the USAL Defendants, in furtherance of the USAL Defendants' business interests.

8. At the time of the collision, the truck driver and semi-truck car-hauler were insured by Ace American and were operating as an interstate carrier in the State of Arkansas under the U.S. Department of Transportation ("DOT") Number #00357779, assigned to USAL Defendants, with an MC/MX number of 226461.

9. Defendant Trevino G. Eustaquio operated the USAL Defendants' semi-truck car-hauler at the time of the collision. Defendant Eustaquio's physical address is 4053 Woodshire, Houston, Harris County, Texas 770250000. At all relevant times herein, Defendant Eustaquio was under the control of or acting as an agent/servant/employee within the State of Arkansas, in the course and scope of his employment with the USAL Defendants, in furtherance of the USAL Defendants' financial interests and directly subject to the direction and control of the USAL Defendants.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction of this action pursuant to 28 U.S.C. 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(a), as a substantial part of the events giving rise to the claim occurred in Johnson County, Arkansas.

## IV. FACTUAL ALLEGATIONS

12. On Tuesday, December 6, 2016, at approximately 11:48 A.M., Plaintiffs were traveling eastbound near Section 210 on I-40, near Widener, in Johnson County, Arkansas, in a 2015 Chevrolet Silverado K 1500 pickup. The conditions for travel on the interstate highway were daylight and clear, and the surface of I-40 was dry.

13. Defendant Eustaquio was driving a large semi-truck car-hauler for his employer, the USAL Defendants, eastbound on I-40, with a gross vehicle rating of 26,001 pounds or more. While operating the semi-truck car-hauler, Defendant Eustaquio began taking his "hoodie" sweatshirt off, impairing his ability to control, operate and properly maintain the USAL Defendants' vehicle on the interstate highway. Defendant Eustaquio, at a very slow, unsafe speed, crossed the center line of I-40, with the semi-truck car-hauler straddling both lanes of the highway, impairing and blocking public travel and creating a situation of extreme and imminent danger to public drivers. Defendant Eustaquio failed to maintain proper control of USAL' semi-truck car-hauler, yield, slow and stop the semi-truck car-hauler.

14. Plaintiffs' vehicle was traveling eastbound on I-40 behind a group of other cars. As Plaintiffs approached the Defendants' semi-truck car-hauler, straddling both lanes of the interstate and moving at less than 5 miles per hour, the aforementioned cars began to swerve off

of the roadway to avoid colliding with the semi-truck car-hauler. Plaintiff Nailor Harrison had no time, opportunity or options to react to the hazard in the middle of the roadway. The Plaintiffs' vehicle violently collided with the semi-truck car-hauler on the interstate.

15. As a result of Defendant Eustaquios' negligent and reckless actions, Plaintiffs' vehicle was crushed into the driver and passenger compartment, suffering extensive physical damage from the forces and violent nature of the wreck. Plaintiffs' vehicle was transported from the scene by a towing vehicle.

16. As a result of the forces and impact at the scene, Plaintiffs both lost consciousness and suffered severe and life-threatening injuries. Both Plaintiffs had to be extracted from their vehicle by emergency personnel, with Nailor Harrison's extraction taking over ninety (90) minutes to complete. Plaintiff Nailor Harrison experienced a femoral arterial bleed, which posed a severe risk to his life. The Plaintiffs were extracted and separately airlifted by Air Evac due to the life-threatening nature of their injuries, particularly those experienced by Plaintiff Nailor Harrison. Emergency vehicles from the surrounding communities in Arkansas were present at the collision scene, along with the Arkansas State Police.

17. Plaintiff Nailor Harrison was transported to the emergency room at University for Arkansas Medical Sciences (UAMS) in Arkansas, where he was diagnosed with an extensive head injury, including multiple fractures of the facial bones. Plaintiff Nailor Harrison also experienced other major orthopedic and internal injuries, including, but not limited to, major, serious bone fractures, a double fracture of the right femur, one proximal and one distal, a closed fracture of the mid tibia on the right side, an open and compound fracture of the left tibia and multiple other fractures and traumatic injuries. Plaintiff Nailor Harrison required at least eight (8) surgical procedures and admission at UAMS for nearly thirty (30) days. Following, he was

discharged to a rehabilitation program conducted by an on-site nurse for several weeks. He was unable to walk for months, confined to a hospital bed or wheelchair, and was eventually able to ambulate some on his own with a walker. He requires extensive medical treatment and future surgeries due to his extensive injuries, and will have permanent impairments. He also suffers from a traumatic brain injury and PTSD, all sustained as a direct result of Defendants' careless, negligent and reckless conduct.

18. Plaintiff Arin Harrison sustained severe and traumatic injuries to her brain, head, back, spine, and lower extremities. She was transported by air emergency services to UAMS, then to Arkansas Children's Hospital. She was admitted and treated for approximately one week. Upon discharge, Plaintiff Arin Harrison has continued to rehabilitate, requiring significant medical treatment. She had lacerations and bruises over her face, as well as abrasions over her lower extremities. She suffers from a traumatic brain injury and severe, nearly debilitating PTSD, all sustained as a direct result of Defendants' carless, negligent and reckless conduct.

19. As a direct and proximate result of Defendants' careless, negligent and reckless conduct, as described more fully herein, Defendants are directly and affirmatively liable for the serious and permanently disabling injuries suffered by the Plaintiffs, for which they seek compensation in excess of the amount required for federal diversity jurisdiction.

## V. CAUSES OF ACTION

### A. Direct, Affirmative Negligence of Defendant Eustaquio

20. The preceding paragraphs are hereby incorporated by reference.

21. Defendant Eustaquio, and his employer Defendant USAL Defendants, had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate their semi-truck car-hauler on interstate highways in a reasonably prudent

manner and with the highest degree of care to prevent injury to public travelers on the interstate highway system.

22. Defendant Eustaquio, as a commercially licensed driver, must be able to maintain, control and operate the semi-truck car-hauler safely on interstate highway systems, including keeping a proper lookout for other motor vehicles before changing speed and direction.

23. Defendant Eustaquio must also avoid crossing or blocking traffic on an interstate, and must maintain a reasonable and prudent speed under the circumstances.

24. Defendant Eustaquio must also not drive or operate a motor vehicle and motor carrier while his vision and ability to operate the motor vehicle is impaired as to make it unsafe on the interstate highway, and must act to avert or prevent a collision, especially those which could have been prevented, but for an action or failure to act by the truck driver.

25. Defendant Eustaquio compromised his ability to operate the semi-truck car-hauler and created an unsafe and hazardous condition on the highway, by his actions, including, but not limited to pulling a hoodie sweatshirt up and over his shoulders and head while operating the motor vehicle, and turning the vehicle at a slow speed across the interstate highway public lanes of travel.

26. Defendant Eustaquio, by his acts and omissions, created a dangerous instrumentality on the highway due to the size, length and configuration of Defendants' semi-truck, car-hauler straddling and crossing the lanes on a public highway.

27. Defendant Eustaquio, the truck driver for Defendant USAL Defendants, was directly and affirmatively careless and negligent in the State of Arkansas, including, but not limited to, the following particulars:

a. Driving in such a careless, negligent and reckless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

b. Driving in such a careless, negligent and reckless manner as to evidence a failure to maintain proper control of the vehicle, in violation of Ark. Code Ann. § 27-51-104(a),(b)(1), (b)(5), (b)(6)& (b)(8);

c. Driving in such a careless, negligent and reckless manner in making improper or unsafe lane changes on public highways in violation of § 27-51-104(a),(b)(1), (b)(5), (b)(6)& (b)(8);

d. Driving in such a careless, negligent and reckless manner as to have any part of the semi-tractor car-hauler extended in such a fashion as to endanger persons or property in violation of § 27-51-104(a),(b)(1), (b)(5), (b)(6)& (b)(8);

e. Driving in such a careless, negligent and reckless manner in an impaired or inattentive manner and not reasonable and prudent in maintaining vehicular control on the public highway in violation of § 27-51-104(a),(b)(1), (b)(5), (b)(6)& (b)(8);

f. Driving in an unreasonable, reckless and imprudent manner under the conditions in regard to actual and potential hazards existing at the time, and as necessary to avoid colliding with any vehicle upon the roadway, and in the use of due care, in violation of Ark. Code Ann. § 27-51-201(a)(1) & (2);

g. Driving in an imprudent and unsafe manner in driving a semi-truck, car-hauler at such a slow speed and straddling lanes on a public highway, such as to impede the normal and reasonable movement of traffic in violation of Ark. Code Ann. § 27-51-208(a);

h. Driving in such a manner as to straddle the right and left lanes of a public highway with a semi-truck, car-hauler and operated in the lanes as to impede the flow of traffic and create an unsafe and dangerous condition on the interstate highway in violation of Ark. Code Ann. § 27-51-301(a), and (b);

i. Failing to properly and safely maneuver a semi-truck car-hauler and suddenly decreasing speed on the left, in violation of Ark. Code Ann. § 27-51-403(a), (b) and (c).

j. Failing to maintain a proper lookout for other traffic, in violation of the common law of Arkansas;

k. Failing to maintain control of the vehicle, in violation of the common law of Arkansas;

l. Failing to yield the right-of-way to other vehicles, in violation of the common law of Arkansas;

m. Failing to maintain appropriate speed under the facts and circumstances, in violation of the common law of Arkansas;

n. Failing to obey the "rules of the road" in violation of the common law of Arkansas;

  o. Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident;

  p. Failing to operate a motor vehicle upon Arkansas roadways in such a way as to avoid injuring or killing someone, in violation of the common law of Arkansas; and

  q. Failing to operate a reasonably safe semi-tractor trailer with adequate equipment, lighting and braking, in a reasonably prudent and safe manner, and in accordance with the minimum requirements found in the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390, 391, 392, 393, *et seq.*

  28. It was foreseeable that the failure of Defendant Eustaquio to operate the semi-tractor, car-hauler in a reasonably prudent and safe manner on an interstate or public highway in the State of Arkansas, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system.

  29. The above-referenced Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles, including semi-tractor car-hauler's operating upon public roadways and interstate highways.

  30. At the time of the statutory violations alleged above, Plaintiffs were motorists and passengers on an interstate or public highway, and thus belonged to the class of persons that these Arkansas statues and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

31. As a direct and proximate result of the acts and omissions of the Defendants, as described, Plaintiffs suffered severe and permanently disabling injuries, for which they seek compensation in excess of the amount required for federal diversity jurisdiction.

### B. Direct and Vicarious Liability for Defendant USAL Defendants

32. The preceding paragraphs are hereby incorporated by reference.

33. At all relevant times, Defendant Eustaquio was acting as an agent/employee/servant within the scope and course of his employment with the USAL Defendants, subject to its direction and control while furthering their business interests and financial enterprise on interstate highways in the State of Arkansas.

34. The USAL Defendants are affirmatively negligent and vicariously liable, under the doctrines of *respondeat superior* and imputed conduct, for the conduct of their agent and employee acting within the course and scope of his employment.

35. Defendant Eustaquio is an agent and employee of the USAL Defendants, and was tasked by the USAL Defendants to drive a semi-truck car-hauler through the State of Arkansas on I-40.

36. The acts and omissions of Defendant Eustaquio are, therefore, directly imputed to his employer and principle, the USAL Defendants. Defendant Eustaquio's negligent, careless and reckless acts and omissions occurred while he was within the scope and course of his employment, and in furtherance of the business interests of the USAL Defendants on the public roads and interstate highways in the State of Arkansas.

37. The USAL Defendants are also directly and independently negligent in that they failed to properly hire, train, supervise, monitor and control its employee, Defendant Eustaquio. These direct negligent acts and omissions include, but are not limited to, the improper selection

and hiring of an employee not qualified to perform the work, improperly training an employee to comply with the rules, regulations, procedures and policies applicable to commercial drivers operating tractor-trailer trucks on the roads of the United States, and failing to monitor and supervise said employee to ensure compliance with all applicable safety protocols to ensure the protection of the traveling public, including the Plaintiffs.

38. The USAL Defendants failed to have policies and/or procedures in place to prevent their drivers, including Defendant Eustaquio, from operating USAL Defendants' semi-truck car-hauler in a careless, negligent and/or reckless manner.

39. USAL Defendants, through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Eustaquio to drive in the careless, negligent and reckless manner in which he was driving at the time of the collision, causing severe and permanent injuries to the Plaintiffs.

## VI. PROXIMATE CAUSATION

40. The facts and allegations recited above are incorporated by reference and made a part hereof as though set out verbatim.

41. As a direct and proximate result of the negligent acts and/or omissions of the Defendants described herein, Plaintiffs sustained severe and critical personal, physical, psychological and emotional injuries.

## VII. INJURIES AND COMPENSATORY DAMAGES

42. Plaintiffs seek compensation for the damages they have sustained and which were directly and proximately caused by the negligent, careless and reckless conduct of the Defendants, including, but not limited to the following damages permitted by applicable law:

    a. damages for the nature, extent, duration, and permanency of Plaintiffs'

injuries;

b. full value of Plaintiffs' past medical, present and future medical expenses, including all special and consequential damages;

c. full value of the expense of Plaintiffs' medical care, treatment and services received, including transportation, board and lodging expenses, 24 hour care, and those medical expenses, housekeeping, lodging, transportation and future care taking expenses that will be necessary and reasonably certain to be required in the future, including the value of any life-care plan;

d. damages for Plaintiffs' pain, suffering, mental anguish, embarrassment, PTSD, depression, and anxiety, experienced in the past, present and future;

e. damages for loss of school time and ability to attend school and enjoy benefits of school;

f. damages for the loss of enjoyment of life, hedonic damages and destruction of Plaintiffs' goals and/or opportunities as people;

g. damages for scarring, disfigurement, and other visible results of Plaintiffs' injuries;

h. the value of all earning, profits, salary, and working time lost in the past, and the present value of any earning, profits, salary, and working time reasonably certain to be lost in the future;

i. Plaintiffs' future loss of earning capacity and ability to earn, opportunities to thrive, develop and grow;

      j.      loss of services, society, relationships, friendship and companionship sustained by Plaintiffs;

      k.      Plaintiffs' hedonic damages, enjoyment of life and living, support, guidance and care-taking;

      l.      full value of the functional services, structure, and support needed by Plaintiffs; and

      m.      all other compensatory damages allowed by applicable law.

43. The injuries and damages described herein suffered by Plaintiffs as the result of Defendants' actions, omissions and conduct have been suffered in the past, present and are reasonably expected to continue in the future.

## VIII. PUNITIVE DAMAGES

44. Defendants' conduct was reckless and consciously indifferent, such that malice may be inferred from their acts and conduct in the State of Arkansas. Defendants, by their actions, omissions and conduct, created an unsafe and dangerous condition on the interstate highway system and a dangerous instrumentality for motorists and passengers traveling on the interstate highway system. Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in injuries and damage, presenting immediate harm and danger to public travelers, including the Plaintiffs. However, Defendants continued such conduct with malice, conscious indifference or in reckless disregard of the consequences from which malice may be inferred.

45. Punitive damages are warranted and may be imposed against Defendants to deter the Defendants and others from similar conduct.

## IX. DEMAND FOR JURY TRIAL

46. Pursuant to Fed. R. Civ. P. 38, Ark. R. Civ. P. 38, Ark. Const. Art. 2, § 7, Ark. Code Ann. § 16-64-103, Plaintiffs hereby demands a trial by jury of all issues of fact.

## X. PRAYER FOR RELIEF

47. Plaintiffs respectfully pray for an award of damages, including, but not limited to, actual, compensatory, special and consequential damages, and a joint and several judgment be entered against Defendants for all damages caused by Defendants, in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate Plaintiffs for their injuries and losses suffered because of Defendants' conduct; for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; for costs; for punitive or exemplar damages, if applicable under the law, and for all other proper relief, including any costs and attorney's fees incurred on recovering any judgment.

Dated this 18th day of September, 2017.

Respectfully submitted,

DUNCAN FIRM, P.A.

_____
Phillip J. Duncan, ABN 74039
James H. Bartolomei, ABN 2005181
Richard L. Quintus, ABN 2000078
William R. Pointer, ABN 2007216
Timothy P. Reed, ABN 2012210
Joseph R. Byrd, ABN 2016219
DUNCAN FIRM, P.A.
900 S. Shackleford Road, Suite 725
Little Rock, AR 72211
501-228-7600
501-228-0415, *facsimile*
phillip@duncanfirm.com
jim@duncanfirm.com
richard@duncanfirm.com

15

rob@duncanfirm.com
tim@duncanfirm.com
reid@duncanfirm.com

Case 2:17-cv-02164-PKH   Document 1   Filed 09/19/17   Page 16 of 16 PageID #: 16